No. 727

BLUNT v. PENN. RY. CO.

U. S. Appeals, 6th Circuit

Decided Nov. 5, 1925.

829. NEGLIGENCE.—When it is the duty of a person to warn others of danger and he neglects his duty and is injured thereby, he cannot recover, for his own negligence is the proximate cause of his injury.

PER CURIAM:

Blunt a crossing watchman was on duty at a place where the Penn. R. R. Co.'s tracks crossed a main thoroughfare. The day was rainy and dark and Blunt had gone into his shanty, and upon hearing the approach of the train rushed out just as the train was on the crossing and was hit and injured by an auto truck which had collided with the train.

The lower court at the conclusion of Blunt's evidence directed a verdict for the R. R. Co. and this court is of the opinion that the verdict was correct.

Blunt had no right to be in his shanty at this time but should have been out where he could have seen the train and have warned others of its approach, and apprise himself of the danger. Blunt's negligence in performing his duty was the proximate cause of the injury.

Judgmnt affirmed.

Attorn ys—L. H. Winch for Blunt and Clan Crawford for Penn. R. R. Co., both of Cleve-

---

## COMMON PLEAS COURT

No. 728
BEALS v. BEALS
Common Pleas Clarke Co.
No. 24493. March 16, 1926.

681. JURISDICTION—In a divorce proceeding, where custody of minor child is concerned, a court may modify its order as to the child, at any time after term, because it has continuing jurisdiction until such child reaches majority.

KRAPP, J.

In the Clark Common Pleas an entry was filed ordering divorce, fixing alimony and awarding custody of a minor child. At the next term, the court, of its own motion, certified the case to the Juvenile Court under 8034-1 GC. Thereafter a motion was filed in Juvenile Court for modification of the order as to the child, which was dismissed on the ground that the court had no jurisdiction except upon the filing of an original affidavit under 1642, 1647 and 1648 GC.

Two propositions of law are involved. First, was the certification by the Clarke Common Pleas after term within its jurisdiction; Second, may the Juvenile Court proceed with this case, upon motion.

The contentions are: 1. That the Clarke Common Pleas has no authority to certify such a case without application for such a motion; 2. That entry made after term is a nunc pro tunc entry and is void unless it complies with the ordinary rules governing such an entry. The Common Pleas held:

1. Upon hearing of a divorce and awarding custody of minor child, such child became the ward of the court and the jurisdiction or the court continues until majority.

2. The court having continuing jurisdiction might at any time modify its order or might proceed under 8034-1 GC. which authorizes the certification of the matter to the Juvenile Court.

3. This latter step having been taken, the child did not cease to be a ward of the court, the jurisdiction of the Common Pleas only having been terminated.

4. The child becoming a ward of the Juvenile Court, such court could proceed in any manner to modify with regards to the custody and support of said child, without motion of any party in interest, if such change was justified by the circumstances.

Judgment accordingly.

Attorneys—Charles E. Ballard for Mrs. Beals and Stafford and Arthur, for Mr. Beals. all of Springfield.