## MIAMI CONSERVANCY DISTRICT v SILVEY

Ohio Appeals, 2nd Dist, Montgomery Co
No 953. Decided September 6, 1930

McMahon, Corwin Landis & Markham, Dayton for plaintiff.
U. S. Martin, Dayton, for defendant.

BY THE COURT

The Supreme Court had a Toledo case which was based upon an act of the legislature creating a Court of Domestic Relations and it is there held that no Judge of the Court of Common Pleas was authorized to act in the Court of Domestic Relations, but that a Judge of said Court of Domestic Relations must be elected by the people.

The next case involved a statute authorizing an additional Judge of the Court of Common Pleas in Summit and Mahoning Counties to act as Courts of Domestic Relations. These acts provided that the Judge so elected and designated shall exercise the same powers and have the same jurisdiction as is provided by law for Judges of the Court of Common Pleas.

The legislature subsequently passed an act authorizing the election in Montgomery County of an additional Judge of the Court of Common Pleas for the Court of Domestic Relations. This statute presents a little different proposition from either one of the Courts but in our judgment the Judge elected under the Montgomery County statute for Judge of the Court of Common Pleas, Division of Domestic Relations may, in his discretion act within the jurisdiction as prescribed for the Court of Common Pleas or may consider the Court of Domestic Relations cases only. In other words having been elected as Judge of the Court of Common Pleas, Division of Domestic Relations, he may either act as Judge of Court of Common Pleas in its general realtions or in cases that come strictly within those relating to the Division of Domestic Relations. If the Montgomery County statute contained the condition that the Judge elected under such statute should confine his jurisdiction to cases coming within the division of domestic relations, this question might be presented. But in the absence of such provision in the statute. we see no reason why if the Judge of the Court of Common Pleas, Divison of Domestic Relations should by reason of sickness or other disability require a substitute that another Judge of the Court of Common Pleas, Division of Domestic Relations might not be substituted in his place.

On the other hand suppose that in the future the business of the Court of Domestic Relations should be so reduced that a part only of the time of a Judge would be required to dispose of the same, might not said Judge be assigned to the general duties of the Court of Common Pleas. We can see no reason why such an assignment might not be proper. But in addition to these considerations, we reach the conclusion that the case here was so intimately associated with the Domestic Relations as to be a proper subject matter of said Court, and properly within the jurisdiction of the Court of Common Pleas Division of Domestic Relations.

The case was tried before the Court of Common Pleas, Division of Domestic Relations without objection and was decided. There was no question of jurisdiction raised until long after the judgment had been so rendered and after the case had recahed the lower court in this case and had also reached this Court. We are clear that the Court of Common Pleas, Division of Domestic Relations had jurisdiction and that its judgment, in the absence of objection

at that time, would be valid and binding.

The celebrated case of Marbury v. Madison is cited. That case involved the jurisdiction of the Federal Courts. This jurisdiction is strictly construed. The jurisdiction of the State Courts particularly of the Courts of Common Pleas, which is a State Court of general jurisdiction is liberally construed. The case of Marbury v. Madison is no authority as to the jurisdiction of the State Courts and especially as to those of general jurisdiction.

We are therefore of opinion that so far as this Court is concerned a judgment may be entered in harmony with the former judgment.

Application for rehearing overruled.

Kunkle, PJ, Allread and Hornbeck, JJ, concur.