## METZ v METZ

Ohio Appeals, 2nd Dist, Franklin Co

No 2376. Decided May 9, 1934

Boyd & Boyd, Columbus, for plaintiff in error.

John F. Seidel, Columbus, for defendant in error.

## OPINION

By HORNBECK, PJ.

From this action of the trial court error is prosecuted. It will be observed that the order complained of was entered by a judge of the Court of Common Pleas, Division of Domestic Relations, who also by virtue of

statute is the Juvenile Judge of Franklin County. The question presented is whether or not under the facts in this case the Judge of the Domestic Relations Division of the Common Pleas Court lost jurisdiction to consider and determine the proceedings in aid of execution upon the cause of Metz v Metz, which had been certified by the Common Pleas Court regular branch of Franklin County to Juvenile Court of Franklin County under §§1642-1 and 8034-1 GC. The pertinent sections as now found in the Code are as follows:

"Sec 8034-1 GC: In any case where the Common Pleas Court, or a Probate Court having jurisdiction, has made an award of the custody of a minor child or children and an order for support of such minor child or children, such court may certify the same to the Juvenile Court of the county for further proceedings thereunder according to law, and thereupon the jurisdiction of the Common Pleas Court, or Probate Court, in such case as to the custody and support of such minor child or children shall cease."

"Sec 1642-1 GC: In any case where the custody and support of a minor child or children has been determined and decreed by the Common Pleas Court, or a Probate Court having jurisdiction, and such case has been certified to the Juvenile Court as provided in §8034-1, GC, the Juvenile Court shall have jurisdiction to proceed therein as in original cases."

These Acts were passed at the same time (110 O.L., 127), and must be read together as legislation intended to accomplish the same purpose. The jurisdiction of the Juvenile Court is fixed generally by §1642 GC which pertains particularly to dependency and delinquency actions. §1642-1 GC, obviously intended to empower the Juvenile Court with other and further jurisdiction than is contemplated by §1642, GC. The language in §1642-1, GC, "The Juvenile Court shall have jurisdiction to proceed therein as in original cases," in our judgment has reference to cases involving the custody and support of minor children growing out of divorce actions, and has no application to §1642 GC. Thus, there is an attempt and a purpose to clothe the Juvenile Court with such jurisdiction incidental to divorce as pertains to custody and support of minor children. Plaintiff in error does not contend that such jurisdiction can not be conferred upon Juvenile Court, but it is urged in a most comprehensive, exhaustive brief that the Legislature had no authority to take away the general jurisdiction of the Court of Common Pleas in the particulars wherein the statute speaks. The status of the Juvenile Court of Franklin County is determined by §§1639 and 1532-7 GC, providing for an additional judge in Franklin County and defining his duties and jurisdiction, insofar as pertinent, provides:

"Such judge shall have the same qualifications and shall receive the same compensation as is provided by law for the judges of the Court of Common Pleas in Franklin County. Such judge shall exercise the same powers and have the same jurisdiction as is provided by law for judges of the Court of Common Pleas. Such judges and successors shall, however, be elected and designated as a judge of the Court of Common Pleas, Division of Domestic Relations, and all the powers provided for in Title 4, Chapter 8, of the General Code or elsewhere in said code relating to Juvenile Courts shall be exercised in Franklin County by such judge of said Court of Common Pleas, and on and after the beginning of the term for which such judge is elected, there shall be assigned to said judge and successors elected or appointed in pursuance of this act, all cases under the Juvenile Court act, all bastardy cases over which the Juvenile Court of Franklin County now has jurisdiction and all divorce and alimony cases in said county."

Outside of Franklin County, in counties where there is no Division of Domestic Relations Court created by special act of the Legislature, the designation, duties and jurisdiction of the Juvenile Court and the judge thereof are provided by §§1642 GC heretofore quoted and §1639, GC, which provides:

"Courts of Common Pleas, Probate Courts and insolvency courts and superior courts, where established, shall have and exercise concurrently the powers and jurisdiction conferred in this chapter. The judge of such courts in each county, at such time as they determine, shall designate one of their number to transact the business arising under such jurisdiction."

The statutes quoted and others related thereto in purpose, though not quoted, as pertaining to custodial or support orders affecting minor children in divorce cases, empower a certain court named the juvenile Court with full authority under Title

4, Chapter 8 of the General Code, which is the Juvenile Court chapter. In the special acts there is some other and further jurisdiction conferred, the effect of which it is not necessary to consider.

Sec 8034-1 GC in no wise affects the jurisdiction of the regular branch of the Common Pleas Court to hear, determine and retain jurisdiction in custodial and support orders in divorce cases. However, it authorizes the court upon determination of the advisability so to do to relinquish this jurisdiction to the Juvenile Court, whereupon it is provided that it ceases.

We do not have in the instant cause a situation where a court of the regular branch of the Common Pleas Court is seeking to exercise jurisdiction in a divorce case after it has been certified to the Juvenile Court. The action of the trial court here is predicated upon the fact that the Common Pleas Court of Franklin County chose to relinquish jurisdiction in the case under consideration. To the extent that action was taken by the Common Pleas Court, regular branch, in this case, there may be in all such cases uniformity of procedure and jurisdiction in the Common Pleas Courts of Ohio. This case having been certified by the Common Pleas Court, regular branch, there is no clash of jurisdiction which might arise in Franklin County if a Common Pleas Judge of the regular branch undertook to assert jurisdiction in divorce cases after certification to the Juvenile Court and in view of the §1532-7 GC specifically granting such jurisdiction to the Juvenile Court in Franklin County. For the foregoing reasons it is not necessary to discuss some phases of the law presented in the excellent brief of counsel for plaintiff in error.

The Constitution of Ohio, itself, confers no jurisdiction whatever upon the Common Pleas Court, either in civil or criminal cases. It merely gives the court capacity to receive jurisdiction which shall be fixed by law, and the Legislature has full power and authority to determine the jurisdiction. **Stevens v State, 3 Oh St, 453; Allen v Smith, 84 Oh St 283; Lemieux v Kountz, 107 Oh St, 84; Hess v Devon, 112 Oh St, 1. Article 4, Par. 4 of the Ohio Constitution** provides the jurisdiction of the Courts of Common Pleas, and of the judges thereof shall be fixed by law. We do not believe that we have such conflict here presented as was found in **State ex D'Alton, etc. v Richey et, 97 Oh St, 41,** wherein it was held that the act creating the Domestic Relations Court in Lucas County and prescribing the jurisdiction of that court to be in conflict with **§26 of Article 2 of the Constitution of Ohio,** insofar as it purported to confer jurisdiction upon that court to the exclusion of the jurisdiction conferred upon the Common Pleas Court by the general laws of this state. In other words, the facts in this case do not raise the question which was there before the Supreme Court.

It is probable that the trial court in this case followed the dictum of this court in **Sonnenberg v State, 4 Oh Ap, 475, 10 Abs 271,** wherein it was said:

"We do not believe that, independent of any charge of dependency or delinquency, it was the purpose of the Legislature to change a case wherein only the custody and support were involved to the latter type of case. We are of opinion that the purpose of this legislation, as manifested by a consideration of §8034-1 GC in conjunction with §1642-1 GC, is to clothe the Juvenile Court with jurisdiction to proceed in divorce cases which have been certified to it, in a matter respecting the custody and support of a minor, as the Common Pleas Court would have been authorized originally to do; that the case certified does not thereby become a case under the dependency or delinquency statutes, but retains its character as an adversary proceeding, bearing the same style and to all intents and purposes the identity of the original case. Thereafter, should modification of the order respecting the custody or support be desired such action could be invoked by the same procedure as is commonly recognized in such cases, and until the judgment respecting the custody and support in a divorce case has been so modified, it should be recognized as a subsisting order by the Juvenile Judge."

We see no reason whatever to modify our language on the subject matter of the decision just quoted, although it is not determinative in any sense of the question here presented.

We find one case in Ohio which is helpful on the procedural question involved here, **Beals v Beals, 4 Abs 586,** Clark County case, in which a decree for custody and support money for minor children had been entered in the Common Pleas Court and was by virtue of §8043-1 GC certified to Juvenile Court. Thereafter, on motion for modification of the order, the Juvenile Court dismissed the motion holding that the action could be invoked only upon an affidavit under §§1642, 1647 and 1648, GC, the dependency and delinquency sections. The Common Pleas Court held that the

Juvenile Court had continuing jurisdiction (as would the Common Pleas Court had the case not been certified), and that the court could modify the order if conditions necessitated.

The judge of the Division of Domestic Relations is a Common Pleas Judge, so designated by statute and by virtue thereof has like power.

In Franklin County, the act creating the Domestic Relations Division defining its jurisdiction also provides that the judge of the Division of Domestic Relations shall preside over the Juvenile Court. Thus, in Franklin County the judge of the Court of Common Pleas, Division of Domestic Relations, is by statute the Juvenile Judge and as to such cases as are certified from the regular branch of the Common Pleas Court under §§8034-1 GC and 1642-1 GC he is given further authority to handle them as the Juvenile Judge. This court in Miami Conservancy District v Silvey, 8 Abs 668, expressed the opinion that the Judge of the Common Pleas Court, Division of Domestic Relations had such general jurisdiction as the regular branch of the Common Pleas Court.

We are satisfied that execution and proceedings in aid of execution are so essentially incident to the power to carry out support orders in divorce cases as that the law must be held to contemplate that the Juvenile Judge has jurisdiction as to both in cases which have been certified to that court under §8034-1 GC. However, proceedings in aid of execution is, in itself, a separate and distinct proceeding provided by statute of which the Common Pleas Court has jurisdiction.

An execution can issue out of any branch of the Common Pleas Court and this having been done proceedings in aid of execution may be entertained by any judge of the Common Pleas Court including that judge who is the Domestic Relations Judge. Thus, peculiarly, the Domestic Relations Judge, both in his capacity as a Common Pleas Judge and because designated as the Juvenile Judge, has jurisdiction in proceedings in aid of execution arising upon a judgment for support money for minor children in a divorce case certified to the Juvenile Court.

We see no inconsistency in so much of §8034-1 GC as provides that jurisdiction of the certifying court as to custodial and support money orders shall cease and the power of that court to entertain proceedings in aid of execution because it is a separate and distinct proceedings.

In the instant case the judge of the Com-

mon Pleas Court, Division of Domestic Relations, did entertain jurisdiction in the proceedings in aid of execution. Because he was presiding in the Domestic Relations Divisions of the Common Pleas Court, he no doubt could have refused to entertain this jurisdiction and transferred the proceedings to the Juvenile Branch, but having elected to exercise jurisdiction, we believe that it was erroneous to dismiss on the motion of the defendant for want of jurisdiction.

Judgment reversed and cause remanded.