It is our conclusion, for the reasons stated, that the judgments of the trial court must be and, therefore, are affirmed.

*Judgments affirmed.*

SKEEL, P. J., and KOVACHY, J., concur.

SKEEL, P. J., HURD and KOVACHY, JJ., of the Eighth Appellate District, sitting by designation in the Seventh Appellate District.

EZZO, APPELLANT, *v.* EZZO, APPELLEE.

(No. 4854—Decided February 19, 1953.)

*Mr. Carl G. Nappi,* for appellant.
*Mr. Horace S. Kerr,* for appellee.

WISEMAN, P. J.  This is an appeal on questions of law from a judgment of the Court of Common Pleas of Franklin County, Division of Domestic Relations, which modified a decree of divorce previously granted to the plaintiff (wife) upon a hearing on a petition, filed after term by the defendant (husband), to vacate or in the alternative to modify the decree of divorce on the ground of fraud practiced by the wife in obtaining the decree, and for equitable relief.

The plaintiff-wife, appellant herein, has assigned 13 separate grounds of error which raise several legal questions.  We are satisfied that the judgment is not against the manifest weight of the evidence, and we find no error in the admission or exclusion of evidence.

Appellant contends that the court erred in refusing her an opportunity to introduce evidence in defense. The record shows that at the end of the husband's case, appellant's counsel stated to the court what such evidence would show, and, thereupon, the court ordered that such evidence be stipulated.  Thereafter, counsel for appellant stated that he would abide by the decision of the court.  It is the opinion of this court that the record shows a submission of the case on the evidence presented and the stipulation, and no prejudicial error intervened.

Appellant contends that the judgment is contrary to law.  In the original decree the court made no order with respect to the property or with respect to alimony. The record title to the real estate was in the name of appellant.  After the divorce was granted, appellant sold the real estate and the proceeds of the sale are now held under a restraining order.  After hearing on the

petition, the court found on the issues joined in favor of the husband and ordered appellant to pay to the husband one-half of the proceeds derived from the sale of the real estate, and to that extent ordered the decree of divorce modified.

We discuss briefly the procedural steps taken. The petition to vacate or modify was not filed in the domestic relations branch of the Common Pleas Court. The petition seeks to vacate or modify the decree on the ground of fraud. The petition also states a good cause of action in favor of the husband and against the appellant in equity and at law, independent of the allegations supporting a vacation or modification of the divorce decree. The several causes of action are not separately stated and numbered, but there are allegations made which give rise to several causes of action. Because of the nature of the proceedings and the fact that the decree of divorce was attacked, the cause was referred to the Division of Domestic Relations. However, the cause was later tried by Judge Dana F. Reynolds of the Common Pleas Court. In our opinion it is not material whether the trial judge heard and determined the issue as a regular judge of the Common Pleas Court or as a judge of the Common Pleas Court, Division of Domestic Relations, which is indicated in the caption on the judgment entry. As a judge of the Common Pleas Court, the trial judge was empowered to hear and determine the issue and render judgment either in equity or at law. Section 1532, General Code, among other things, establishes the Division of Domestic Relations of the Common Pleas Court of Franklin County, and in part provides: "Such judges shall exercise the same powers and have the same jurisdiction as is provided by law for judges of the Court of Common Pleas." In *Miami Conservancy District* v. *Silvey*, 8 Ohio Law Abs., 668, which was decided by the Court

of Appeals for Montgomery county in 1930, a similar question was presented and it was held:

"In other words having been elected as judge of the Court of Common Pleas, Division of Domestic Relations, he may either act as judge of Court of Common Pleas in its general relations or in cases that come strictly within those relating to the Division of Domestic Relations."

In *Metz* v. *Metz*, 17 Ohio Law Abs., 531, decided by the Court of Appeals for Franklin county in 1934, in the opinion on page 535, it is said:

"The judge of the Division of Domestic Relations is a common pleas judge, so designated by statute and by virtue thereof has like power."

In *Tanner* v. *Tanner*, 78 Ohio App., 178, 62 N. E. (2d), 654, which was decided by the Court of Appeals for Franklin county in 1945, in the opinion and beginning on page 180, it is said:

"The judge of the Court of the Division of Domestic Relations is a judge of the Common Pleas Court and we have held in *Miami Conservancy District* v. *Silvey*, 8 Ohio Law Abs., 668, that, although not ordinarily exercised, the court has jurisdiction over and beyond that which is commonly understood as being included in the term 'domestic relations.' "

The husband in his petition did not claim the interest in the real estate as alimony; neither did he claim one-half of the proceeds derived from the sale of the real estate as alimony or as a division of property. The claim of the husband as set forth in his petition was grounded on the promise of appellant, made at the time the husband conveyed his undivided one-half interest to her, that she would reconvey to him the undivided one-half interest, or that she would remit to him one-half of the proceeds of the sale when the property was sold. It is the contention of the husband

that appellant held the undivided one-half interest in said real estate, and that now, since the property has been sold, she holds one-half of the net proceeds of the sale in trust for him. In the praecipe to the petition, the clerk was directed to endorse the summons: "Action in equity," etc. On the issues so joined, the court found for the husband-petitioner. There is ample evidence to support the judgment by the required degree of proof. The court ordered appellant to pay to the husband one-half of the proceeds of the sale and further ordered the decree of divorce modified to that extent. It was not essential to order a modification of the decree of divorce since the decree by its terms was in no way inconsistent with the judgment rendered in the instant proceeding.

We do not find the judgment to be contrary to law. However, in our opinion the judgment should be modified by striking any reference to a modification of a divorce decree. This court is competent to render the judgment which the trial court should have rendered. Section 12223-38, General Code. This court affirms the judgment modified as above indicated.

*Judgment modified and, as modified, affirmed.*

MILLER and HORNBECK, JJ., concur.