PRICE, APPELLANT, *v.*
PRICE, APPELLEE; SAFECO TITLE
INSURANCE COMPANY, APPELLANT.

(No. 47346—Decided April 9, 1984.)

*Mr. John R. Vintilla,* for appellant.
*Mr. Thomas R. Case,* for appellee.

DAY, C.J. Plaintiff-appellant, Anita Price (plaintiff), and new party defendant-appellant, Safeco Title Insurance Company (Safeco), appeal from a judgment of the Court of Common Pleas of Cuyahoga County. That judgment dismissed a portion of plaintiff's complaint against her former husband defendant-appellee, Ernest Price (defendant).[1] The dismissal was based on the trial court's conclusion that it lacked subject matter jurisdiction.

For reasons adduced below, the judgment is reversed.

### I

There is a near procedural bog in this case. But it need not be entered. For the same, single issue is raised by both appellants (*i.e.,* the plaintiff and Safeco) and that issue can be stated and understood against a much simpler background than the total procedural history would entail.

### II

The plaintiff was divorced from the defendant in an action filed by him. The divorce was procured on July 12, 1974. Properties claimed to be marital assets were distributed as part of the divorce decree. The plaintiff in the instant action claims the decree and the ancillary property consequences were procured by fraud. Plaintiff seeks a comprehensive remedy including vacation of the decree of divorce, an accounting, punitive damages, attorney fees and a reconveyance of her interests in marital properties which have been sold to third parties.[2]

---

[1] Other claims remain unresolved in the trial court. The pendency of those claims do not block appellate review. For the trial court found expressly that there was "no just reason for delay in entering final judgment on dismissal of the complaint." See Civ. R. 54(B).

[2] See the prayer from the plaintiff's petition in the instant case.

For reasons of no concern to this appeal, Safeco has acquired a part of the plaintiff's claims against the defendant and to that degree stands in her shoes.

This posture of the parties led both the plaintiff and Safeco to appeal assigning the single error. Each has the same impact and will be addressed as one assignment.

## III

Plaintiff's assignment of error:

"The trial court erred in dismissing the complaint for lack of subject matter jurisdiction."

Safeco's assignment of error:

"The trial court erred in determining that it lacks power to determine that a judgment rendered by the Court of Domestic Relations is void."

After stating the issue thus narrowly counsel for both appellants (incredibly) pay virtually no attention to the issue.[3] It is not until the next to last page of her main brief and in her reply brief that plaintiff reaches the issue. Safeco attends it not at all. Defendant's briefing is much more in focus.[4] In any event the appeal will be decided within its terms.

## IV

The jurisdiction of courts of common pleas is described generally in Section 4(B), Article IV of the Ohio Constitution:

"The courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters and such powers of review of proceedings of administrative officers and agencies as may be provided by law."

This section, the Supreme Court of Ohio has said, does not *confer* jurisdiction but simply extends to courts of common pleas " 'a capacity to receive jurisdiction' " in all cases, civil or criminal. *Seventh Urban, Inc.* v. *University Circle* (1981), 67 Ohio St. 2d 19, 22 [21 O.O.3d 12]. It follows that the power to "define the jurisdiction of the courts of common pleas rests in the General Assembly and * * * such courts may exercise only such jurisdiction as is expressly granted to them by the legislature." *Id.* These principles set the perimeters of common pleas jurisdiction. The details must be sought in legislative prescriptions and the glosses provided by judicial implementation of those prescriptions.

The legislature has settled all original civil jurisdiction in the courts of common pleas "where the sum or matter in dispute exceeds the exclusive original jurisdiction of county courts,"[5] and concurrent jurisdiction in "any municipal court in the county having jurisdiction of the subject matter * * * and the parties * * * if the amount sought by the plaintiff does not exceed one thousand dollars."[6] In addition, the legislature has evidenced an intent that all the judges of the permissible divisions of courts of common pleas be *equivalents* endowed with the same powers.[7]

In Cuyahoga County, for example, the relevant statute instructs that judges of common pleas elected and

---

[3] The burden of the briefing by appellants is directed to those matters claimed to flaw the divorce decree. For the purpose of the jurisdictional issue (the only item on appeal) it must be assumed that the validity of the claim of voidness is irrelevant. What is in contention is the authority of the general division of common pleas court to decide the present controversy because of its origins in the domestic relations division.

[4] This is so despite defendant's mistakenly labelling his answer brief a "Reply" brief and filing a surrebuttal brief — the latter a document alien to the Appellate Rules absent leave of court, see App. R. 16(B) and (C) and 18(A). No leave was sought or given.

[5] R.C. 2305.01.

[6] *Id.*

[7] R.C. 2301.03.

designated for the division of domestic relations shall receive the same salaries and exercise the same powers and jurisdiction as other common pleas judges in the county.[8] And while the judges of the domestic relations division have "all the powers relating to all divorce, dissolution, alimony, and annulment cases," such cases may be assigned to another judge of common pleas "for some special reason."[9] This example and those in the margin do not exhaust the evidence that the General Assembly intended the jurisdiction of common pleas divisions to have some measure of interchangeability. This aim is not discounted by the legislative indication of areas of special concern for common pleas divisions, e.g., general, juvenile, probate, and domestic relations.[10] For the legislative capacity for explicitness when it means to create exclusive jurisdiction is demonstrable[11] and has been specifically noticed by the Supreme Court of Ohio.[12]

A question remains. When a division of the common pleas has completed the disposition of a matter that is within the division's special assignment and later a controversy arises implicating both matters within the specialty and other issues not peculiar to it, does the general division have jurisdiction? This is the essence of the issue in the present case. It arises because of a mix of questions stemming originally from domestic relations controversies.

The contentions in the present case involve both the status of a divorce decree claimed to be void plus ancillary issues of fraud, punitive damages, an accounting and attorney fees.

A comparable issue was decided in *Wagner* v. *Wagner* (July 22, 1983), Lucas App. No. L-83-072, unreported. *Wagner* is not a binding precedent. However, the efficacy of the *Wagner* solution for the kind of problem presented here recommends it. Accordingly, the rationale of *Wagner* is adopted and followed:

"* * * [W]e find that after an action has been fully litigated in the Domestic Relations Court and a judgment entry has been filed granting a divorce and

---

[8] R.C. 2301.03(L)(1).

[9] *Id.* Cf. *Ezzo* v. *Ezzo* (1953), 95 Ohio App. 126, 128-129 [53 O.O. 18], where the court, interpreting a section of the old G.C. 1532, a predecessor to R.C. 2301.03, said:

"In our opinion it is not material whether the trial judge heard and determined the issue as a regular judge of the Common Pleas Court or as a judge of the Common Pleas Court, Division of Domestic Relations, which is indicated in the caption on the judgment entry. As a judge of the Common Pleas Court, the trial judge was empowered to hear and determine the issue and render judgment either in equity or at law. Section 1532, General Code, among other things, establishes the Division of Domestic Relations of the Common Pleas Court of Franklin County, and in part provides: 'Such judges shall exercise the same powers and have the same jurisdiction as is provided by law for judges of the Court of Common Pleas.' In *Miami Conservancy District* v. *Silvey,* 8 Ohio Law Abs., 668, which was decided by the Court of Appeals for Montgomery County in 1930, a similar question was presented and it was held:

" 'In other words having been elected as a judge of the Court of Common Pleas, Division of Domestic Relations, he may either act as a judge of the Court of Common Pleas in its general relations or in cases that come strictly within those relating to the Division of Domestic Relations.' "

[10] *P.e.*, jurisdiction for domestic relations and juvenile divisions is provided without exclusivity in R.C. 2301.03(A)-(O). See, also, R.C. 2101.24 defining the jurisdiction of probate courts without exclusivity.

[11] See R.C. 1901.181 (exclusive jurisdiction of housing issues in municipal courts having housing divisions).

[12] *Seventh Urban, Inc.* v. *University Circle, supra,* at 24.

providing for the division of property, the exclusive jurisdiction is terminated. At that point, there existed concurrent jurisdiction with the Common Pleas Court, General Division. The continuing jurisdiction of the Domestic Relations Court is concurrent with the General Division and not exclusive."[13]

The single claimed error made the basis of the separate assignments of error in this case is well-taken.

### V

Judgment reversed and cause remanded for further proceedings according to law.

*Judgment reversed and cause remanded.*

CORRIGAN and MARKUS, JJ., concur.

--------

[13] *Wagner,* at 3.