Appellant Charlotte Yergan appeals from the decision of Wadsworth Municipal Court granting restitution of the marital residence to appellee Albert Yergan. We reverse.
 I.
Mr. and Mrs. Yergan were parties to a divorce action filed in the Medina County Court of Common Pleas, Domestic Relations Division. On June 22, 1998, that court entered an order requiring Mrs. Yergan to vacate the marital residence within seven days. Mrs. Yergan did not vacate the marital residence within the time allotted.
After serving Mrs. Yergan with the notice required by R.C.1923.04, Mr. Yergan filed a complaint for eviction in the Wadsworth Municipal Court on July 8, 1998. Mrs. Yergan filed a motion to dismiss, which the trial court denied. A hearing was held on the matter on July 22, 1998. On July 23, 1998, the trial court issued a journal entry, granting Mr. Yergan restitution of the marital residence. This appeal followed.
 II.
Mrs. Yergan asserts one assignment of error. Mr. Yergan has moved to dismiss this appeal. We will first address the motion to dismiss.
 A.
Mr. Yergan argues that this appeal should be dismissed for two reasons. He first contends that the appeal has been rendered moot. He also asserts that Mrs. Yergan's attorney promised that the appeal would be dismissed.
First, Mr. Yergan argues that because he was awarded the marital residence as part of the divorce, which was finalized four months after the eviction, this appeal from the eviction is moot. During the pendency of this appeal, the Medina County Court of Common Pleas, Domestic Relations Division, issued an order granting the parties a divorce and dividing the parties' property.[1] The divorce decree granted the marital residence to Mr. Yergan, stating: "Plaintiff [Mr. Yergan] is awarded all right title and interest in the real property known as 822 Fixler Road, Wadsworth, Ohio 44281, and plaintiff is awarded the real estate marital appreciation portion * * * free and clear of any claim by defendant [Mrs. Yergan]." However, the divorce decree does not address possession of the marital residence between the date of the eviction and the date of the divorce decree. Therefore, the issue of whether Mrs. Yergan should have been excluded from the marital residence during that period of time is not moot.
Mr. Yergan also contends that Mrs. Yergan's attorney "promised that this appeal would be dismissed" and that Mrs. Yergan "should be held to that agreement of her counsel." However, there is no evidence of such an agreement in the record before us, beyond the unsworn assertions of Mr. Yergan's attorney. Absent evidence of such an agreement, it will not be enforced. Mr. Yergan's motion to dismiss is denied.
 B.
Mrs. Yergan's assignment of error states:
 WHETHER THE WADSWORTH MUNICIPAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS APPELLEE'S COMPLAINT FOR EVICTION.
She argues that the trial court should have granted her motion to dismiss. She contends that the trial court was not "a court of competent jurisdiction" as defined in R.C. 3103.04 and, therefore was without jurisdiction to exclude her from the marital residence. We agree.
R.C. 3103.04 states:
 Neither husband nor wife has any interest in the property of the other, except as mentioned in section 3103.03
of the Revised Code, the right to dower, and the right to remain in the mansion house after the death of either. Neither can be excluded from the other's dwelling, except upon a decree or order of injunction made by a court of competent jurisdiction.
 In Slansky v. Slansky (1973), 33 Ohio App.2d 127, the Eighth District Court of Appeals considered whether a forcible entry and detainer action may be used to exclude a spouse from the marital residence. In that case, the wife held title to the marital residence. The husband resided there, but the wife lived elsewhere due to marital discord. The wife then sought to evict the husband from the residence, and the municipal court granted the relief sought. The court of appeals reversed and held that the only "court of competent jurisdiction" under R.C. 3103.04 was a court of common pleas. Id. at 135. The same court later stated that the domestic relations division of a common pleas court has exclusive jurisdiction until the domestic relations court grants a divorce and provides for the division of property. Price v. Price (1984), 16 Ohio App.3d 93, 95-96.
In the case at bar, the Medina County Court of Common Pleas, Domestic Relations Division, had jurisdiction over the divorce action. When Mr. Yergan instituted his forcible entry and detainer action against Mrs. Yergan, their divorce had not been reduced to a final decree of divorce that divided the parties' property. Therefore, the domestic relations court maintained exclusive jurisdiction over the matter and was the only "court of competent jurisdiction" at that time, under Slansky, Price, and R.C. 3103.04. The Wadsworth Municipal Court was without jurisdiction to entertain Mr. Yergan's forcible entry and detainer action. Because the trial court was without jurisdiction, Mrs. Yergan's motion to dismiss should have been granted. Mrs. Yergan's sole assignment of error is sustained.
 III.
Mr. Yergan's motion to dismiss the instant appeal is denied. Mrs. Yergan's assignment of error is sustained. The judgment of the Wadsworth Municipal Court is reversed, and the cause is remanded for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Medina County Wadsworth Municipal Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellee.
Exceptions.
 ___________________________ WILLIAM R. BAIRD
FOR THE COURT
BAIRD, P. J.
SLABY, J.
CONCUR
BATCHELDER, J.
DISSENTS
[1] A certified copy of the divorce decree is attached to Mr. Yergan's motion to dismiss.