JOURNAL ENTRY AND OPINION
This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the records from the court of common pleas and the briefs.
Appellant, H. Charles Kessler, appeals the decision of the Cuyahoga County Court of Common Pleas, granting the appellee's motion to dismiss for lack of subject matter jurisdiction. Appellant filed a motion for reconsideration with an affidavit reasserting his claim that the above action is not currently under the jurisdiction of the domestic relations court and was properly brought in the general division. The appellant's motion for reconsideration was denied and journalized on June 21, 2000. The appellant filed a timely notice of appeal. For the reasons set forth below, we affirm.
On May 16, 1994, appellant, H. Charles Kessler, and appellee, Laura J. Warner, were divorced by judgment of the Cuyahoga County Court of Common Pleas, Division of Domestic Relations. The parties have two children from the marriage, Herbert C. Kessler IV (Date of birth: August 30, 1991), and Terrance M. Kessler (Date of birth: November 15, 1981). The parties entered into a post-divorce decree, Agreed Judgment Entry Modifying Child Support and other matters. Among the matters set out in the post-divorce decree was the issue of social security disability benefit disbursements.
The appellee was eligible for disability benefits under Social Security and, consequently, the two children became eligible to receive supplemental security income. The appellant's dismissed action claimed that the appellee assigned herself as the representative payee for the supplemental disability funds even though the appellant was, in fact, the residential parent and legal custodian of the two children. The appellant alleged that his former wife fraudulently, deceitfully, knowingly and maliciously collected social security benefits instead of paying the benefits to the appellant, as set forth in the post-divorce decree by the domestic relations court. The appellant's action was based on the appellee's fraud and, as he claims, not a matter involving the domestic relations courts.
The appellee filed a motion to dismiss for lack of subject matter jurisdiction claiming that the appeal is a child support matter which is subject to the exclusive jurisdiction of the domestic relations court. The appellee included the agreed judgment entry modifying child support and other matters from the Court of Common Pleas, Division of Domestic Relations. This entry states in pertinent part:
 The Court further finds that the parties agree that the Defendant shall amend her present application for disability benefits with Social Security, SSI, SSD or with any other agency she applied with to also include a claim for any benefits due to her disability that might be available for the parties' minor children, Charlie and Terrance, and shall list the Plaintiff's address as where the children make their primary residence and name the plaintiff as the children's residential and custodial parent, to whom any disability payments should be made on behalf of the children. The above shall also apply to any future applications for disability benefits the defendant makes with Social Security, SSI, SSD or with any other agency. The above shall be subject to the further court order.
On June 20, 2000, the trial court dismissed the action for lack of subject matter jurisdiction. Based on the trial court's decision, the appellant asserts the following assignments of error:
 I. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN GRANTING APPELLEE'S MOTION TO DISMISS FROM THE GENERAL DIVISION OF THE COURT OF COMMON PLEAS BY RULING THAT THE ISSUE OF THIS CASE IS ONE THAT THE DIVISION OF DOMESTIC RELATIONS, COURT OF COMMON PLEAS, CUYAHOGA COUNTY, OHIO, IS CURRENTLY DECIDING AND HAS EXCLUSIVE JURISDICTION OVER.
 II. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT GRANTED APPELLEE'S MOTION TO DISMISS AS THE GENERAL DIVISION OF THE COURT OF COMMON PLEAS HAS SUBJECT MATTER JURISDICTION TO HEAR THE CASE.
Appellant's two assignments of error shall be reviewed together.
The jurisdiction of the court of common pleas is described in Section4(B), Article IV of the Ohio Constitution:
 The courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters and such powers of proceedings of administrative officers and agencies as may be provided by law.
Further, under R.C. 3105.011:
 The court of common pleas, including divisions of domestic relations, has full equitable powers and jurisdiction appropriate to the determination of all domestic relations matters.* * *
In a case dealing with similar issues, this Court found, in Price v. Price (1984), 16 Ohio App.3d 93, 474 N.E.2d 662, that after an action has been fully litigated in the Domestic Relations Court and a judgment entry has been filed granting a divorce and providing for the division of property, the exclusive jurisdiction is terminated. At that point, there exist[s] concurrent jurisdiction with the Common Pleas Court, General Division. The continuing jurisdiction of the Domestic Relations Court is concurrent with the General Division and not exclusive. Id. at 95-96 citing Wagner v. Wagner (July 22, 1983), Lucas App. No. L-83-072, unreported.
The Price case involved the plaintiff-appellant, Anita Price, and a third party defendant-appellee, an insurance company. The appellant's former husband was dismissed from the action, which involved property that had allegedly been procured by fraud by the husband. The appellant sought remedies including vacation of the divorce decree and accounting, punitive damages, attorney fees, and a reconveyance of her interest in the marital properties which had been sold to the third party. The court of common pleas dismissed the former husband from the action because the trial court concluded that it lacked subject matter jurisdiction. This court reversed the decision of the trial court and remanded the case for further proceedings.
However, this Court has also found that if two cases are filed in two different courts which have concurrent jurisdiction, the court that exercises jurisdiction first has exclusive subject matter jurisdiction to settle all disputes between the parties. Zashin, Rich, Sutula, Monastra v. Offenberg et al. (Dec. 7, 1995), Cuyahoga County App. No. 68951, unreported, 1995 Ohio App. LEXIS 5380, citing, State ex rel. Judson v. Spahr (1987), 33 Ohio St.3d 111, 515 N.E.2d 911. Further, with regard to domestic relations court, the court "retain[s] exclusive jurisdiction * * * over matters relating to the custody, care and support of minor children." Loetz v. Loetz (1980), 63 Ohio St.2d 1, see also, Garrison v. Szfransky (Oct. 17, 1991), Cuyahoga App. No. 61618, unreported.
In the case at bar, the appellant alleges that the actions of the appellee in receiving the disability benefits and not having them mailed to appellant, as the residential parent and legal guardian of the two children, constituted fraud and violated the post-divorce decree. According to Section 404. 2041, Title 20 C.F.R., the Social Security Administration (SSA) states, Our obligation to the beneficiary is completely discharged when we make a correct payment to a representative payee on behalf of the beneficiary. The payee, in his or her own personal capacity, and not SSA, may be liable if the payee misuses the beneficiary's benefits.
Therefore, although the Cuyahoga County Court of Common Pleas General Division and Domestic Relations Division share concurrent jurisdiction in general, with the issue of SSA disability payments specifically addressed in the post-divorce decree by the Domestic Relations Division, and since this new matter relates to the support of the minor children, the matter should be determined in the Domestic Relations Division of the Cuyahoga County Court of Common Pleas. The appellant's assignments of error are without merit.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., AND COLLEEN CONWAY COONEY, J., CONCUR.
 _______________________________ FRANK D. CELEBREZZE, JR., JUDGE