OPINION
Defendant-appellant Philip E. Anderson appeals the November 6, 2000, Judgment Entry of the Small Claims Court Division of the Holmes County Court. Plaintiff-appellee is Viola Allison.
 STATEMENT OF THE FACTS AND CASE
On August 15, 2000, Plaintiff-appellee Viola Allison [hereinafter appellee] filed a Small Claim Complaint in Holmes County Court. Appellee stated the claim as an "unpaid debt as ordered by court for which I am liable for collection." Appellee requested judgment against defendant-appellant Philip E. Anderson [hereinafter appellant] in the sum of $2,600.00 plus interest and costs. Appellant's claim was based upon an agreement [hereinafter Agreement] entered into by both appellant and appellee on September 11, 1998, pursuant to a divorce granted in 1995 by the Holmes County Court of Common Pleas. The Agreement, which was entered into evidence at the Small Claim Division trial, indicated that there had been a dispute regarding the allocation of responsibilities for payment of certain marital debts. The Agreement which sought to resolve that dispute stated: It is desirable to both parties to achieve an amicable settlement of the marital debt and to achieve a peaceable arrangement whereby neither party will be subjected to any further court action regarding the marital debt. The parties have agreed to liquidate the marital debt remaining unpaid to a sum of $2,500.00 cash to be paid by Viola Allison to Phil Anderson at the execution of this Agreement. In consideration therefore, Phil Anderson agrees to assume all marital debts heretofore unpaid, and to save Viola Allison and to hold her harmless thereon. It is also agreed between the parties that this Agreement is entered into in consideration of a full waiver of all choses in action which may otherwise hereafter have been brought by either party in the Common Pleas Court in an effort to enforce the orders of Case Number 94-DR-155, with regards to the disposition of debts of the marriage.
The Agreement further stated "It is agreed between the parties that this is a legal, binding Agreement and shall be enforceable by the Domestic Relations Court as part of Case Number 94-DR-155. . . . The parties stipulate that it is necessary for the enforcement of the marital debt provision of Case Number 94-DR-155 that this Agreement be made a part thereof and enforceable as an order of the Court." This agreement was adopted as an order of the Holmes County Court of Common Pleas in case number 94DR155 by Judgment Entry on September 14, 1998. On October 20, 2000, appellant filed a "Motion for Summarily Dismiss [sic]; Change of Venue" in the Small Claim County Court action. In the motion, appellant argued that the Agreement could only be enforced by the Domestic Relations Court and that appellant felt that he could not receive a fair and impartial trial in Holmes County. Appellant attached a copy of the Holmes County Court of Common Pleas Order of September 14, 1998, which adopted the Agreement as an order of the court. On November 1, 2000, the case proceeded before the County Court. At the beginning of the hearing, the County Court addressed appellant's Motion to Dismiss. Appellant again argued that the County Court did not have jurisdiction to hear the matter regarding the marital debts and that, because appellee's counsel was a prosecuting attorney, appellant could not receive a fair trial. After hearing arguments, the County Court denied appellant's Motion to Dismiss/Change Venue. The County Court proceeded to conduct the trial. After receiving testimony and a copy of the Agreement, the County Court granted judgment in favor of appellee in the amount of $2,600.00, plus interests and costs. It is from the County Court's Judgment Entry in favor of Appellee and Denial of Appellant's Motion to Dismiss/Change Venue, that appellant appeals, raising the following assignments of error:
 ASSIGNMENT OF ERROR I THE COURT VIOLATED APPELLANT'S RIGHT TO DUE PROCESS GUARANTEED BY THE 5TH AND 14TH AMENDMENTS TO THE U.S. CONSTITUTION BY REFUSING TO GRANT A CHANGE OF VENUE.
 ASSIGNMENT OF ERROR II HOLMES COUNTY COURT LACKED JURISDICTION OVER THE SUBJECT MATTER.
 ASSIGNMENT OF ERROR III THE EVIDENCE IS LEGALLY INSUFFICIENT TO SUPPORT THE VERDICT AND THE COURT'S JUDGMENT GOES AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 II
In that this court finds appellant's second assignment of error dispositive of this matter, we will address the second assignment of error first. In the second assignment of error, appellant argues that the Holmes County Court lacked jurisdiction to hear this matter. We agree. In the case sub judice, appellee's Complaint sought payment of a debt "as ordered by court." Appellee's Complaint. Specifically, it appears that appellant sought to enforce an agreement regarding the marital debts, which had been adopted as an Order of the Holmes County Court of Common Pleas, in a divorce case. Ohio appellate courts are in general agreement that a party may seek to enforce a domestic relations judgment order in a court of common pleas or a municipal court. See Price v. Price (1984),16 Ohio App.3d 93; Mitchell v. Georges (October 15, 1985), Stark App. No. CA-6625, unreported, 1985 WL 7268. However, we find that a County Court does not have such jurisdiction. In Mitchell v. Georges, supra, this court held that a municipal court had jurisdiction to enforce a domestic relations decree pursuant to R.C. 1901.18(B) and (E), which was subsequently re-numbered as 1901.18(2) and (5), which state as follows: (A) Except as otherwise provided in this division or section 1901.181 of the Revised Code, subject to the monetary jurisdiction of municipal courts as set forth in section 1901.17 of the Revised Code, a municipal court has original jurisdiction within its territory in all of the following actions or proceedings and to perform all of the following functions:
 (2) In any action or proceeding at law for the recovery of money or personal property of which the court of common pleas has jurisdiction;
 (5) In any action or proceeding to enforce the collection of its own judgments, or the judgments rendered by any court within the territory to which the municipal court has succeeded, and to subject the interest of a judgment debtor in personal property to satisfy judgments enforceable by the municipal court; (Emphasis added)
Based upon this statement of jurisdiction, this court found a "clear intent for the Municipal Court to accept jurisdiction to enforce judgment entries of the Domestic Relations Court, [a Division of the Court of Common Pleas]." Mitchell, supra. However, a comparison between the jurisdiction of a municipal court to the jurisdiction of a county court shows a pertinent distinction. The comparable language from the statute granting jurisdiction to the county courts does not include the authority to enforce the judgment of other courts. Revised Code 1907.031states, in relevant part: (A) Except as otherwise provided in section 1907.03 of the Revised Code and in addition to the jurisdiction authorized in other sections of this chapter and in section 1909.11 of the Revised Code, a county court has original jurisdiction within its district in all of the following actions or proceedings and to perform all of the following functions:
 (1) In an action or proceeding at law for the recovery of money or personal property of which the court of common pleas has jurisdiction;
 (4) In an action or proceeding to enforce the collection of its own judgments and to subject the interest of a judgment debtor in personal property to satisfy judgments enforceable by the county court;
R.C. 1907.031 (Emphasis added) Unlike a municipal court, a county court can only enforce a judgment of its own. Therefore, since appellee sought to enforce an order or judgment entry of a court other than the Holmes County Court itself, we conclude that the Holmes County Court did not have subject matter jurisdiction to enforce the Order of another court, in this case, the Holmes County Court of Common Pleas.
 I III
Given our decision regarding appellant's second assignment of error, appellant's first and third assignments of error are rendered moot. Having found error prejudicial to the appellant herein, we vacate the judgment of the Small Claims Division of the Holmes County Court for lack of subject matter jurisdiction.
 _____________ Edwards, P.J.
Hoffman, J. and Boggins, J. concurs.