OPINION
{¶ 1} David B. Kopp appeals from a judgment of the Miami County Court of Common Pleas, which dismissed his unjust enrichment action for want of subject matter jurisdiction.
 {¶ 2} David B. Kopp and Dana Begley began dating in 1997. In September 1999, Begley purchased the property located at 518 S. Market Street in Troy, Ohio, for approximately $65,000. During their courtship, Kopp helped Begley renovate and remodel the property and contributed funds to the renovation. Kopp made these contributions because the parties agreed that the house would be their marital home. Kopp's efforts and monetary contributions significantly increased the value of Begley's property.
 {¶ 3} On November 23, 2001, Kopp and Begley were married. Approximately one month later, Begley informed Kopp that she wanted a divorce. She filed a complaint for divorce in the General Division of the Miami County Court of Common Pleas. Begley v. Kopp, Case No. 02-DR-411.
 {¶ 4} According to the trial court's ruling, Kopp attempted to receive reimbursement for his premarital contributions to Begley's house during the divorce proceeding. However, "[t]he Attorneys were under the impression from a conference with the Magistrate that the Court had no jurisdiction to decide Kopp's claims of entitlement to premarital contributions which increased the value of Begley's house." On June 10, 2002, the magistrate held a partially contested divorce trial.[1] Kopp attempted to introduce evidence of his premarital contributions to the home and the premarital appreciation of the property. The magistrate repeatedly refused to admit this evidence. Before the magistrate issued a ruling, the parties entered into a settlement agreement which, by all appearances, divided the parties' marital and separate property. The agreement specifically stated that 518 S. Market Street was a premarital asset of Begley and that she was entitled to the property. The agreement was adopted by the court as the final judgment and decree of divorce, and was journalized on July 29, 2003.
 {¶ 5} On October 23, 2003, Kopp brought suit against Begley for unjust enrichment, alleging that, prior to his marriage to Begley, he had contributed to the significant premarital appreciation of her home on Market Street. Kopp apparently believed that this civil action was not foreclosed by the divorce decree. He sought damages in the amount of $22,500. After Begley failed to file an answer, Kopp sought and was granted a default judgment. On February 24, 2004, Begley filed a motion for relief from the default judgment and requested Rule 11 sanctions and attorney fees. Begley argued that all issues with respect to the property had been resolved with the final judgment in their divorce action and that the unjust enrichment complaint was an attempt to circumvent the prior determination. An evidentiary hearing on the motion was held on April 30, 2004.[2]
 {¶ 6} On May 28, 2004, the trial court overruled Begley's motions for Rule 11 sanctions and for attorney fees. Addressing Begley's Civ.R. 60(B) motion, the trial court found that Begley had presented potentially meritorious defenses and had brought a timely motion, but it concluded that Begley had not demonstrated a ground for relief under Civ.R. 60(B)(1)-(5). However, the court sua sponte concluded that it had lacked subject matter jurisdiction to grant the default judgment in the unjust enrichment action and it granted Begley relief from that judgment on the basis that it was void.
 {¶ 7} In reaching that conclusion, the court recognized that it had jurisdiction during the divorce action over all of the property in which the parties had an interest and, further, that it had authority in the divorce action to allocate Kopp's premarital contributions to the value of Begley's property. R.C. 3105.171(B); R.C. 3105.171(A)(6)(b). The court further recognized, however, that R.C. 3105.171(I) precludes courts from subsequently modifying the distribution of property under the divorce decree. The court considered the critical issue to be whether R.C.3105.171(I) divested the court of subject matter jurisdiction to modify a property division. It stated: "If the jurisdiction of the Court in dividing property in a divorce is subject matter jurisdiction, Begley wins * * * because the default judgment is void. Umstead v. Mihm, supra.
If not, the judgment is merely voidable, and Kopp wins under a 60(B) analysis." The court concluded that it lacked the jurisdiction to modify the division of property in the divorce action, and that it therefore lacked subject matter jurisdiction to enter the default judgment in the unjust enrichment action. Accordingly, it granted Begley's motion for relief from judgment based on the court's inherent power to vacate void judgments.
 {¶ 8} On June 25, 2004, the court entered a final judgment, vacating the default judgment and dismissing Kopp's action with prejudice.
 {¶ 9} Kopp raises one assignment of error on appeal.
 {¶ 10} "I. Whether the trial court erred in determining that it lacked subject matter jurisdiction to grant plaintiff's default judgment."
 {¶ 11} In his sole assignment of error, Kopp asserts that the trial court erred in concluding that it lacked subject matter jurisdiction. In support of his argument, Kopp cites to several cases which discuss whether the general division of the common pleas court has concurrent jurisdiction with the domestic relations division of the common pleas court. In particular, Kopp discusses Price v. Price (1984),16 Ohio App.3d 93, 474 N.E.2d 662, in which the Court of Appeals for Cuyahoga County concluded that "after an action has been fully litigated in the Domestic Relations Court and a Judgment Entry has been filed granting a divorce and providing for the division of property, the exclusive jurisdiction is terminated. At that point, there existed concurrent jurisdiction with the Common Pleas Court, General Division." Kopp's argument misconstrues the essence of the trial court's ruling.
 {¶ 12} Subject matter jurisdiction is the power a court has, conferred by law, to hear and render a valid enforceable judgment in a case.Morrison v. Steiner (1972), 32 Ohio St.2d 86, 87, 290 N.E.2d 841; seeState ex rel. Bush v. Spurlock (1989), 42 Ohio St.3d 77, 80, 537 N.E.2d 641
(the standard of review for dismissals for want of subject matter jurisdiction is "whether any cause of action cognizable by the forum has been raised in the complaint"). The jurisdiction of the court of common pleas and its divisions is determined by statute. Section 4(B), Article IV, Ohio Constitution. R.C. 3105.011 confers jurisdiction on the court of common pleas, including its domestic relations division, to determine all domestic relations matters. R.C. 3105.171; Keen v. Keen,157 Ohio App.3d 379, 2004-Ohio-2961, 811 N.E.2d 565, at ¶ 10.
 {¶ 13} In many counties, a division of domestic relations for the court of common pleas has been established by statute. See R.C.2301.03(F)(1). The statute generally provides that the judges of the domestic relations division shall be assigned all divorce, dissolution of marriage, legal separation, and annulment cases. Id. "A statutory assignment to one division of a court confers on that division exclusive jurisdiction to determine the matters assigned, and deprives the court's other divisions, including its general division, of jurisdiction to determine those same matters." Keen at ¶ 12, citing Comer v. Bench,
Montgomery App. No. 19229, 2003-Ohio-2821. "The requirement has been applied to limit jurisdiction over all cases of divorce or dissolution to a common pleas court's domestic relations division when it has one." Id. at ¶ 12.
 {¶ 14} Unlike several other counties in this appellate district, Miami County does not have a domestic relations division within the common pleas court. Rather, the Miami County Court of Common Pleas is separated into two divisions: the general division and juvenile/probate division. Accordingly, domestic relations cases are handled by the general division. Begley's divorce action and Kopp's unjust enrichment action were both filed in the General Division of the Miami County Court of Common Pleas. Thus, contrary to Kopp's contentions, the question of exclusive versus concurrent jurisdiction is not before us.
 {¶ 15} The crux of the trial court's ruling is that the court lacked subject matter jurisdiction to enter the default judgment because it lacked the authority to modify the property division. The court apparently found that the intended effect of Kopp's unjust enrichment action was to modify the property division as set forth in the divorce decree. Specifically, Kopp wished for Begley to reimburse him for his interest in her property arising from his premarital contributions to the renovation and remodeling. Thus, the thrust of the court's ruling is that, even though it had jurisdiction over the cause of action and the parties in Kopp's action, it lacked jurisdiction to grant the requested relief.
 {¶ 16} The trial court believed that its authority to enter the default judgment at issue was divested by R.C. 3105.171(I). That statute provides that "[a] division or disbursement of property or a distributive award made under this section is not subject to future modification by the court." Under that statute, a trial court generally may not modify a final decree regarding the distribution of property rights in a divorce action. Gibbs v. Stanley, Montgomery App. No. 19841, 2004-Ohio-71, at ¶17; Haas v. Hass, Miami App. No. 2002-CA-24, 2002-Ohio-6375 (court lacked authority to modify distributive award).
 {¶ 17} Although the statute provides that property divisions in a divorce action are not subject to future modification, we disagree with the trial court's conclusion that the statute divested it of subject matter jurisdiction in the unjust enrichment action. As a court of the general division of the court of common pleas, the trial court indisputably had subject matter jurisdiction over the unjust enrichment action. The court thus had the authority to enter a default judgment against Begley when she failed to file an answer to Kopp's complaint. Civ.R. 55. In our judgment, R.C. 3105.171(I), at most, provides a potentially meritorious defense to the judgment because it arguably proscribes the relief that Kopp has sought. In other words, the default judgment was voidable; it was not, however, void ab initio.
 {¶ 18} The distinction between void and voidable judgments is critical. "[A] judgment rendered by a court lacking subject matter jurisdiction is void ab initio. Consequently, the authority to vacate a void judgment is not derived from Civ.R. 60(B), but rather constitutes an inherent power possessed by Ohio courts." Patton v. Diemer (1988),35 Ohio St.3d 68, 70, 518 N.E.2d 941. In contrast, a voidable judgment is subject to vacation only through a Civ.R. 60(B) motion. Civ.R. 60(B) relief may not be granted sua sponte. In re Appointment of Witherell,
Lorain App. No. 01CA007936, 2002-Ohio-2328, at ¶ 9. Because the default judgment was merely voidable, the trial court erred in determining that it lacked subject matter jurisdiction and in dismissing the action on that basis.
 {¶ 19} The assignment of error is sustained.
 {¶ 20} The judgment of the trial court will be reversed, and — Begley having failed on her motion for Civ.R. 60(B) relief — the matter will be remanded for reinstatement of the default judgment in favor of Kopp.
Brogan, P.J. and Grady, J., concur.
[1] The record of the divorce trial is not part of the record. For purposes of setting forth the factual background of this litigation, we will accept the trial court's undisputed account of those proceedings as set forth in its dismissal decision.
[2] Begley filed a motion with this court to have a transcript of the proceeding made a part of the record. Kopp responded that his appeal could be resolved on the pleadings. Based on Kopp's response, we denied Begley's motion.