OPINION
{¶ 1} LBJ Linden Company, LLC ("LBJ"), Larry Smith ("Smith"), and Thanh Le ("Le") appeal from an order of the Montgomery County Court of Common Pleas, which overruled their motion to vacate judgment, pursuant to Civ.R. 60(B).
 {¶ 2} On December 1, 2002, Smith entered into a purchase agreement with William C. Smith and James Zeller, the sole members of LBJ, to purchase their interest in the company. In that agreement, Smith agreed to purchase the members' shares by delivering a cognovit promissory note in the amount of $48,000. The agreement further provided that "[t]he amount of the Note shall be adjusted by the amount that the current assets exceed the current liabilities, in which case, the Note shall be increased accordingly, or by the amount that the current liabilities exceed the current assets, in which case, the Note shall be decreased accordingly." Zeller Management would determine the current assets and liabilities at the time of the physical taking of the inventory. In addition, the agreement required Smith to enter into a lease agreement whereby LBJ would lease property located at 3445 Linden Avenue in Dayton, Ohio, and owned by BJ Building Company ("BJ"). William Smith and Zeller were also the shareholders of BJ.
 {¶ 3} On the same day, Smith and Le signed a cognovit promissory note to the order of BJ for $48,000, with the provision that the note would be adjusted as determined by paragraph 1B of the purchase agreement. The note contained a warrant of attorney to confess judgment, which provided: "Maker hereby authorizes any attorney at law to appear in any court of record in the State of Ohio or any other state or territory of the United States, after this Note becomes due, and admit the maturity of this Note, the amount due thereon, and the jurisdictional facts thereof, and waiving the issuing and service of process and confess judgment against such Maker in favor of the holder of this Note for the amount then appearing due and costs of suit * * *."
 {¶ 4} LBJ and BJ also entered into the lease agreement, with William Smith and Zeller signing for BJ and with Larry Smith and Le signing for LBJ. The lease was for a term of ten years, beginning on December 1, 2002, and set forth a monthly rent of $5,000 for the first five years and $5,500 for the second five years.
 {¶ 5} On October 30, 2003, BJ brought suit against LBJ, Le and Smith in the Montgomery County Court of Common Pleas. BJ alleged that the promissory note was in default in the amount of $36,533.20; that LBJ had not paid rent between April 1, 2003, through November 30, 2003, but still continued to occupy the premises; and that BJ had made payments totaling $3,795 for insurance and to the Ohio Department of Commerce on LBJ's behalf. BJ asserted four claims for relief: (1) default on a cognovit promissory note; (2) forcible entry and detainer; (3) breach of contract (lease agreement); and (4) restitution of the $3,795. Also on October 30, 2003, attorney John Folkerth, by virtue of the warrant of attorney contained in the cognovit note, entered an appearance on behalf of LBJ, Smith, and Le, and confessed judgment as to count one of the complaint for $36,533.20 plus interest. On the same day, the trial court entered judgment on the cognovit note and ordered notice of the judgment to be sent to LBJ, Le, and Smith. A praecipe for a certificate of judgment was filed, and certificate of judgment No. 03CJI40029 was subsequently issued.
 {¶ 6} On November 5, 2003, the trial court scheduled a hearing for November 21, 2003, regarding BJ's claim of forcible entry and detainer (count two). According to the parties, on November 14, 2003, BJ and LBJ entered into an agreement to settle the lawsuit and to vacate the judgment on the cognovit note. Under the agreement, LBJ agreed, inter alia, to transfer all of its assets to BJ and to vacate the premises. In exchange, the lease agreement and the note would be canceled.
 {¶ 7} None of the parties appeared for the November 21, 2003, hearing. On November 25, 2003, the magistrate filed a report that all of the parties had failed to appear and that the claim would be dismissed. However, no judgment entry was filed as to that count or as to counts three and four of the complaint.
 {¶ 8} On May 18, 2004, BJ filed another lawsuit against LBJ, Le, and Smith to enforce the settlement agreement. BJ BuildingCo., LLC v. LBJ Linden Co., LLC, Montgomery Case No. 04-3356. This suit was voluntarily dismissed, pursuant to Civ.R. 41(A), on March 30, 2005.
 {¶ 9} On December 2, 2004, Le and Smith filed a motion to vacate the judgment on the cognovit note, pursuant to Civ.R. 60(B), and requested leave to file an answer to BJ's complaint. BJ opposed the motion. On March 22, 2005, BJ sought a default judgment on counts three and four of its complaint. BJ also filed a notice of voluntary dismissal as to count two of the complaint, to the extent that this count remained pending.
 {¶ 10} On March 22, 2005, the court overruled Le and Smith's motion to vacate the judgment on the cognovit note, pursuant to Civ.R. 60(B). The court ruled as follows:
 {¶ 11} "Defendants must show that they have meritorious defenses and that their Motion was filed in a timely manner. As to the former, none of Defendants' arguments attacks the validity of the obligation itself, rather they are collateral attacks on the method of calculation and the vagueness of the note's language regarding which court has jurisdiction over a claim arising from the note. Further, Defendants would assert in their Answer that the transaction involving the Note was void as against public policy due to the lack of registration and because it was done in an attempt to circumvent Ohio liquor laws. The Court does not find these arguments persuasive. In Abrams,
supra, satisfaction of payment was not accepted as a meritorious defense where the motion to vacate was not timely filed. Likewise, this Court can not accept Defendants' arguments as meritorious where Defendants' motion was not timely filed. In addition, the Court is cognizant that the judgment award against Defendants of $36,523.33 [sic] is significantly less than the face amount of the Note ($48,000.00).
 {¶ 12} "Defendants argue in their Reply that their Motion
was timely because the default judgment of October 30, 2003 was not a final, appealable order, as it lacked the notation `No just reason for delay.' The Ohio Rules of Civil Procedure do not require the Court to include the magic words `No just reason for delay' in its judgment entries. While this notice is usually included as a courtesy to the parties, its absence should not be used to invalidate the finality of the Court's judgments. C.R. 58(A) states in part, `A judgment is effective only when entered by the clerk upon the journal'. Further, Local Rule 2.17 states in relevant part, `The judgment of the Court shall be effective upon the filing and journalization of a judgment entry with the Clerk of Courts'. The default judgment against Defendants was properly entered with the Clerk of Courts by this Court on October 30, 2003. This entry settled all claims and issues of the parties regarding the cognovit note and Defendants had thirty days in which to make their appeal.
 {¶ 13} "* * *
 {¶ 14} "A notice of the default judgment was served upon Defendant LBJ Linden on October 31, 2003, upon Defendant Thanh Le on October 31, 2003, and upon Defendant Larry Smith on November 12, 2003. Defendant's Motion was filed on December 2, 2004. The Court FINDS that under the facts and circumstances of this case, in which Defendants' Motion was filed over one year after default judgment was entered, Defendants' Motion was not filed in a timely manner.
 {¶ 15} "Defendants argue that the forcible entry claim dismissed by the Magistrate was never adopted by the Court and therefore a final judgment entry was never executed. The Court agrees. The Court has found the Magistrate's Report of Dismissal to be free of defects or irregularities and hereby ADOPTS the Magistrate's Report without modification. The Court ORDERS that the appropriate entry be executed forthwith. Defendants will have thirty (30) days from the Court's entry of judgment pursuant to Appellate Rule 4(A) in which to appeal the Magistrate's dismissal of the forcible entry claim only."
 {¶ 16} The trial court's ruling included a Civ.R. 54(B) certification that its order was a final appealable order and that there was no just cause for delay. In a separate order also rendered on March 22, 2005, the court expressly adopted the magistrate's dismissal of the forcible entry claim. BJ subsequently withdrew its motion for a default judgment, and on April 4, 2005, it voluntarily dismissed counts three and four of its complaint.
 {¶ 17} LBJ, Smith, and Le (hereinafter referred to collectively as "LBJ") appeal the denial of their motion to vacate the judgment on the cognovit note, raising three assignments of error. We will address the assignments of error in an order that facilitates our analysis.
 {¶ 18} "The JUDGMENT BY CONFESSION ON THE COGNOVIT NOTE IS VOID FOR LACK OF SUBJECT MATTER JURISDICTION OF THE TRIAL COURT."
 {¶ 19} In the second assignment of error, LBJ claims that the trial court lacked subject matter jurisdiction to enter the judgment by confession pursuant to the warrant of attorney in the cognovit note. LBJ argues that the warrant of attorney is too general in nature because it "authorizes any attorney to appear and confess judgment in virtually any court in the United States." It further argues that a court lacks authority to enter a judgment based on a warrant of attorney to confess judgment if the amount of the liability is an indefinite or unliquidated amount.
 {¶ 20} Subject matter jurisdiction is the power a court has, conferred by law, to hear and render a valid enforceable judgment in a case. Morrison v. Steiner (1972), 32 Ohio St.2d 86, 87,290 N.E.2d 841. "[A] judgment rendered by a court lacking subject matter jurisdiction is void ab initio." Patton v. Diemer
(1988), 35 Ohio St.3d 68, 70, 518 N.E.2d 941; Kopp v. Begley,
Miami App. No. 2004 CA 28, 2005-Ohio-1210, ¶ 18. "Consequently, the authority to vacate a void judgment is not derived from Civ.R. 60(B), but rather constitutes an inherent power possessed by Ohio courts." Patton, 35 Ohio St.3d at 70.
 {¶ 21} In the present case, the subject matter jurisdiction of the court is governed by R.C. 2323.12 and R.C. 2323.13. "[A]ll of the requirements of R.C. 2323.12 and 2323.13 must be satisfied in order for a judgment granted upon a cognovit note to be valid or for a court to have subject-matter jurisdiction to render same." Taranto v. WanN-oor (May 15, 1990), Franklin App. No. 90AP-1. R.C. 2323.13(A) provides, in pertinent part:
 {¶ 22} "* * * Notwithstanding any agreement to the contrary, if the maker or any of several makers resides within the territorial jurisdiction of a municipal court * * * or signed the warrant of attorney authorizing confession of judgment in such territory, judgment on such warrant of attorney shall be confessed in a municipal court having jurisdiction in such territory, provided the court has jurisdiction over the subject matter; otherwise, judgment may be confessed in any court in the county where the maker or any of several makers resides or signed the warrant of attorney. The original or a copy of the warrant shall be filed with the clerk."
 {¶ 23} R.C. 2323.13(D) further provides:
 {¶ 24} "A warrant of attorney to confess judgment contained in any promissory note * * * is invalid and the courts are without authority to render a judgment based upon such a warrant unless there appears on the instrument evidencing the indebtedness, directly above or below the space or spaces provided for the signatures of the makers, or other person authorizing the confession, in such type size or distinctive marking that it appears more clearly and conspicuously than anything else on the document:
 {¶ 25} "Warning — By signing this paper you give up your right to notice and court trial. If you do not pay on time a court judgment may be taken against you without your prior knowledge and the powers of a court can be used to collect from you regardless of any claims you may have against the creditor whether for returned goods, faulty goods, failure on his part to comply with the agreement, or any other cause."
 {¶ 26} A court lacks subject matter jurisdiction to enter a judgment based on a warrant of attorney to confess judgment arising out of a consumer transaction. R.C. 2323.13(E).
 {¶ 27} LBJ asserts that the note containing the warrant of attorney does not indicate the location in which the note was executed. It further asserts that the warrant of attorney authorizes any attorney to appear and confess judgment "in any court of record in the State of Ohio or any other state or territory of the United States."
 {¶ 28} Clearly, R.C. 2323.13(A) precludes the parties from agreeing to expand the jurisdictions within the state of Ohio which may have subject matter jurisdiction. However, there is no evidence that the Montgomery County Court of Common Pleas, where this action was brought, lacked jurisdiction over this action. In its complaint, BJ alleged that the note was executed in Montgomery County. The complaint, the purchase agreement, and the lease agreement each indicated that LBJ was located in Dayton, Ohio. The note and the related agreements were attached to the complaint, and the amount in controversy was within the subject matter jurisdiction of the trial court. The note properly contained the warning required by R.C. 2323.13(D), and the record reflects that the note did not arise out of a consumer transaction, see R.C. 2323.13(E). Accordingly, there is no evidence that the trial court lacked subject matter jurisdiction under R.C. 2323.13.
 {¶ 29} Next, LBJ contends that the court lacked jurisdiction because the note provided for judgment in an undetermined amount. LBJ notes that the record fails to include any indication of how the judgment amount of $36,533.20 was calculated.
 {¶ 30} In support of its assertion, LBJ relies upon Hill v.Buchanan (June 21, 1941), Mercer Case No. 13384, and HuntingtonNatl. Bank of Columbus v. The Cinemack Corp. (Oct. 30, 1979), Franklin App. No. 79-AP-328. In Hill, the plaintiffs had signed a bond as sureties for the Willshire Equity Union Exchange Company for amounts owed to the Willshire Bank. As expressed by the court, the subject of the bond was "not only the indebtedness of the principal [Willshire Equity] as it then existed, but in definite terms anticipates and provides for a future course of dealings between the parties." The court noted that, due to the nature of the relationship, the amount of any debt owed could not be measured by the parties at the time the instrument was signed. The Hill court found the warrant of attorney to confess judgment contained within the bond to be invalid due to the uncertainty and indefiniteness of the amount for which such judgment would be confessed. The court expressly distinguished the bond from promissory notes, which "fall into the usual rule relating the use of the warrant of attorney to confess judgment as the same has grown up in commercial usage."
 {¶ 31} In Huntington, the bank obtained a judgment by confession based on a warrant of attorney that was contained within a guarantee agreement. The court found the warrant of attorney to be void, because the amount of indebtedness was not contained in the guarantee. The court held that "[f]or a warrant of attorney to be effective, there may be no resort to extrinsic evidence but only the instrument itself."
 {¶ 32} Assuming arguendo that an unliquidated indebtedness is a jurisdictional defect in a warrant of attorney (as opposed to a meritorious defense), we find Hill and Huntington to be distinguishable. The warrant of attorney is contained in the cognovit promissory note. On its face, the note was one for $48,000, with interest at the rate of 7%, payable to the order of BJ. Upon default, the note would bear an interest rate of 15% per annum. Although the note authorized the amount to be adjusted according to the amount of assets and liabilities, the note contemplated a one-time adjustment to be determined at the time of the physical taking of the inventory. The note did not suggest a continued course of dealing with an indefinite and indeterminable indebtedness at the time the note was signed. The trial court did not lack subject matter jurisdiction to enter the judgment.
 {¶ 33} In the complaint, BJ alleged that the amount due on the note was $36,533.20, plus interest at the rate of 15 percent, and the answer confessed judgment in the principal amount of $36,533.20 plus interest from May 1, 2003. The note, in conjunction with the confession of judgment, was sufficient to inform the court of the amount of LBJ's indebtedness at the time the judgment by confession was made.
 {¶ 34} The second assignment of error is overruled.
 {¶ 35} "THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING APPELLANTS' MOTION FOR RELIEF FROM JUDGMENT."
 {¶ 36} In the first assignment of error, LBJ asserts that the trial court erred when it denied its motion for relief from judgment, pursuant to Civ.R. 60(B).
 {¶ 37} The supreme court has established the following standard for Civ.R. 60(B) motions: "To prevail on [a] motion under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, 150, 351 N.E.2d 113. All three elements must be established, and "the test is not fulfilled if any one of the requirements is not met." Strack v. Pelton (1994),70 Ohio St.3d 172, 174, 1994-Ohio-107, 637 N.E.2d 914.
 {¶ 38} In Ohio, cognovit judgments present special circumstances, and "[t]he prevailing view is that relief from a judgment taken upon a cognovit note, without prior notice, is warranted by authority of Civ. R. 60(B)(5) when the movant (1) establishes a meritorious defense, (2) in a timely application."Rieck Mechanical Elec. Serv., Inc. v. Warner (June 7, 2002), Montgomery App. No. 19078; Meyers v. McGuire (1992),80 Ohio App.3d 644, 646, 610 N.E.2d 542. Moreover, Rule 60(B) is a remedial rule, which must be liberally construed. Yontz v.Kane, (Sept. 29, 1995), Clark App. No. 95-CA0-05, citing RoseChevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 21,520 N.E.2d 564. "Thus, where timely relief is sought and the movant has a meritorious defense, any doubt should be resolved in favor of the motion so that cases may be decided on their merits." Id. "The trial court has substantial discretion, based upon the particular facts and circumstances, to determine whether a motion for relief from judgment has been made within a reasonable time."Hughes v. Ohio Energy Cincinnati, Inc. (June 29, 2001), Greene App. No. 2001-CA-13.
 {¶ 39} LBJ asserts that its Civ.R. 60(B) motion was timely, because the cognovit judgment was not a final appealable order. At the outset, we emphasize that Civ.R. 60(B) applies only to final appealable orders. Jarrett v. Dayton Osteopathic Hosp.,Inc. (1985), 20 Ohio St.3d 77, 486 N.E.2d 99; Justice v. Sears,Roebuck Co. (Sept. 4, 1984), Montgomery App. No. 8658 ("The provisions for relief from judgments apply to final judgments only, as a court within its inherent discretion always has power to modify or revise interlocutory orders.").
 {¶ 40} R.C. 2505.02 defines which orders are final. R.C.2505.02(B)(1) provides that an order is final if it "affects a substantial right in an action that in effect determines the action and prevents a judgment." The judgment on the cognovit note clearly satisfies this statutory standard.
 {¶ 41} Had BJ's claim on the cognovit note been the only claim asserted, it is clear that the judgment on the cognovit note would have been a final appealable order. However, the fact that additional claims were raised in BJ's complaint alters the legal landscape. When multiple parties or claims are involved, R.C. 2505.02 must be read in conjunction with Civ.R. 54(B).Denham v. City of New Carlisle (1999), 86 Ohio St.3d 594,1999-Ohio-128, 716 N.E.2d 184; Wisintainer v. Elcen Power StrutCo. (1993), 67 Ohio St.3d 352, 354, 617 N.E.2d 1136. Civ.R. 54(B) provides:
 {¶ 42} "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, an order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
 {¶ 43} The supreme court has emphasized that "[a]n order of a court is final and appealable only if it meets the requirements of both Civ.R. 54(B) and R.C. 2505.02." Denham,86 Ohio St.3d at 596 (emphasis added), citing Chef Italiano Corp. v. KentState Univ. (1989), 44 Ohio St.3d 86, 88, 541 N.E.2d 64. Thus, where a judgment on a claim meets the requirements of R.C.2505.02 but does not satisfy Civ.R. 54(B), the judgment is a non-appealable interlocutory order which does "not terminate the action as to any of the claims or the parties." See id.
 {¶ 44} In the present case, BJ raised four claims in its complaint. Although the trial court's judgment on the cognovit note (count one of the complaint) met the statutory requirements of R.C. 2505.02, there was no finding of "no just reason for delay." Despite the trial court's assertion that these words were not required, a judgment on a cognovit note is not exempt from the requirements of Civ.R. 54(B). See State ex rel. Electrolert,Inc. v. Lindeman (1994), 99 Ohio App.3d 154, 650 N.E.2d 137
(granting a writ of prohibition enjoining orders in aid of the execution of an interlocutory cognovit judgment; cognovit judgment lacked Civ.R. 54(B) certification and another claim remained pending). Because claims remained pending, the trial court's omission of a Civ.R. 54(B) certification in its order precluded the cognovit judgment from becoming a final appealable order. In other words, under Civ.R. 54(B), the judgment on the cognovit note remained interlocutory.
 {¶ 45} Because the cognovit judgment was an interlocutory order on December 2, 2004, when the motion for relief from judgment was filed, Civ.R. 60(B) was not an appropriate procedural vehicle to challenge that judgment. The cognovit judgment did not become a final appealable order until April 6, 2005, at which time counts three and four were voluntarily dismissed from the litigation, leaving no pending claims. Accordingly, the trial court properly denied LBJ's Civ.R. 60(B) motion on March 22, 2005.
 {¶ 46} In its brief, BJ asserts that the trial court properly denied LBJ's motion even if construed as a motion for reconsideration. BJ argues that LBJ's request for reconsideration was not timely, that LBJ made no showing that it should be permitted to file an untimely answer under Civ.R. 6(B)(2), and that LBJ had not demonstrated that it had any defenses to the judgment. We agree.
 {¶ 47} On appeal, LBJ emphasizes that it timely asserted that the cognovit judgment was void because the trial court lacked subject matter jurisdiction to enter the judgment. As stated supra, we have concluded that the trial court had proper subject matter jurisdiction in this case. Accordingly, LBJ's assertions in this regard did not provide a basis for vacating the judgment in a motion for reconsideration.
 {¶ 48} In its motion to the trial court, LBJ asserted that the note was given, in part, as consideration of a transaction that violated R.C. 1707.06(A)(3) and that the object of the transaction was to circumvent R.C. 4304.29(A). LBJ also argued that BJ did not demonstrate how the amount of the judgment was calculated. These allegations, even if true, did not challenge the validity of the note nor the balance that was owed under the note. Cf. Your Financial Community of Ohio, Inc. v. Emerick
(1997), 123 Ohio App.3d 601, 704 N.E.2d 1265 (partial payment of debt and oral modification of the cognovit note are meritorious defenses to a claim on a cognovit note); First Natl. Bank ofWaverly v. Netherton, Pike App. No. 05CA738, 2005-Ohio6-518, ¶ 11-13. Accordingly, LBJ failed to present a meritorious defense to warrant vacation of the cognovit judgment, and the trial court did not abuse its discretion in denying the motion to vacate the interlocutory judgment.
 {¶ 49} The first assignment of error is overruled.
 {¶ 50} "THE JUDGMENT TAKEN BY CONFESSION PURSUANT TO WARRANT OF ATTORNEY * * * IS VOID AS AGAINST PUBLIC POLICY."
 {¶ 51} In its third assignment of error, LBJ claims that the judgment on the cognovit note is void as against public policy. It asserts that the warrant of attorney was invalid due to the attorney's failure to comply with R.C. 2323.13(B). Reiterating its arguments from the second assignment of error, LBJ further asserts that the warrant of attorney is void because there is no evidence as to how the balance sought was calculated and the warrant of attorney provision in the note is overly broad.
 {¶ 52} R.C. 2323.13(B) provides: "The attorney who represents the judgment creditor shall include in the petition a statement setting forth to the best of his knowledge the last known address of the defendant." In Marion Steel Co. v. Moltrup Steel Prods.Co. (May 21, 1998), Marion App. No. 9-98-3, the Third District commented that "the purpose of R.C. 2323.13(B) is to provide a defendant's last known address so that the defendant can be notified after judgment has been rendered." The Marion Steel
court found that these purposes had been satisfied when the defendant's address had been listed in the caption of the complaint and the defendant had received timely notice of the judgment entry.
 {¶ 53} As in Marion Steel, the addresses of LBJ, Le, and Smith were included in the caption of the complaint, which was filed contemporaneously with the confession of judgment, the judgment entry, and the notice of rendering of cognovit judgment. Moreover, the record reflects that LBJ, Le, and Smith received timely notice of the cognovit judgment. Accordingly, we find no basis to conclude that the judgment is void for failure to comply with the requirements of R.C. 2323.13(B).
 {¶ 54} As to LBJ's arguments that the warrant of attorney is void because there is no evidence as to how the balance sought was calculated and that the warrant of attorney provision in the note is overly broad, we find no basis to conclude public policy supports vacating the judgment.
 {¶ 55} The third assignment of error is overruled.
 {¶ 56} The judgment of the trial court will be affirmed.
Wolff, J. and Fain, J., concur.